**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alberto MALDONADO–MELGOZA,**
**Defendant–Appellant.**

**No. 14–50574.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2016.

Filed March 16, 2016.

Meghan Heesch, Assistant U.S., Peter Ko, Assistant U.S., U.S. Department of Justice, San Diego, CA, for Plaintiff–Appellee.

Kenneth J. Troiano, San Diego, CA, for Defendant–Appellant.

Before: MURPHY,* PAEZ, and NGUYEN, Circuit Judges.

MEMORANDUM **

Alberto Maldonado–Melgoza challenges his conviction for being a removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). We reverse.

"Because the underlying removal serves as a predicate element of an illegal reentry offense under § 1326, a defendant charged with that offense may collaterally attack the removal order under the due process clause." *United States v. Pallares–Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004). In order to collaterally attack the order, however, the defendant must meet the criteria laid out in 8 U.S.C. § 1326(d). The defendant must demonstrate that:

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

*Id.* We hold that Maldonado–Melgoza has met these requirements and can therefore challenge his underlying removal order.

Maldonado–Melgoza was removed on the basis of his California conviction for first-degree residential burglary, which the immigration judge determined was an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). In *Dimaya v. Lynch*, we recently held that 18 U.S.C. § 16(b), as incorporated by 8 U.S.C. § 1101(a)(43)(F), is unconstitutionally vague. 803 F.3d 1110, 1120 (9th Cir.2015). The government concedes that in light of *Dimaya v. Lynch*, Maldonado–Melgoza satisfies § 1326(d)(3)'s fundamental unfairness requirement. *See United States v. Camacho–Lopez*, 450 F.3d 928, 930 (9th Cir. 2006). The government maintains that Maldonado–Melgoza nonetheless cannot challenge his underlying removal order because he failed to meet the requirements of § 1326(d)(1) and (2). However, the government waived this argument by failing to raise it before the district court. *See Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir.2006). Accordingly, Maldonado–Melgoza may collaterally attack his removal order.

Intervening changes in law that render a removal order invalid are fully retroactive for purposes of challenging a § 1326 prosecution. *United States v. Aguilera–Rios*, 769 F.3d 626, 633 (9th Cir. 2014). "Otherwise, an individual who had the right to remain here as a legal resident—and to return to this country if he leaves—but was removed as a result of a legal error, would be subject to criminal conviction and incarcerated for returning." *Id.* Because *Dimaya v. Lynch* invalidated the basis for Maldonado–Melgoza's removal order, we reverse his conviction.

**REVERSED.**

The mandate shall issue forthwith.

---

* The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.